UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HUBERT DUNCAN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:20-cv-00202-KAC-SKL |
| 84 LUMBER COMPANY, A LIMITED PARTNERSHIP, and 84 LUMBER COMPANY, | ) |
| Defendants. | ) |
| 84 LUMBER COMPANY, A LIMITED PARTNERSHIP, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| U.S. LUMBER GROUP, LLC, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER STAYING ACTION

This civil matter is before the Court on the "Joint Status Report Regarding Arbitration" and motion to "extend the stay of the main action," filed by Defendant/Third-Party Plaintiff 84 Lumber Company, a Limited Partnership ("84 Lumber") and Third-Party Defendant U.S. Lumber Group, LLC ("U.S. Lumber) on February 21, 2022 [Doc. 37]. The Court briefly stayed the main action (i.e., *Duncan v. 84 Lumber Co. et al.*) until February 22, 2022 because "the third-party complaint and the issues of defense and indemnification by U.S. Lumber are part and parcel of the larger adjudication of Plaintiff's claims" [Doc. 35 (quoting Doc. 34 at 3)]. Now, 84 Lumber and

U.S. Lumber "request that this Court extend the stay of the main action" (i.e., *Duncan v. 84 Lumber Co. et al.*) [Doc. 37].

In support, 84 Lumber and U.S. Lumber ("Movants") assert that they have not yet begun to arbitrate the third-party complaint, as this Court ordered, because there is a "coverage action . . . pending in Davidson County Chancery Court," and "[a] final decision in the coverage suit would likely resolve the issues in arbitration" [Doc. 37]. Specifically, Movants ask the Court to "extend the stay of the main action pending the resolution of the dispositive motions in the coverage action" [*Id.* at 2]. Plaintiff has not responded, and the time to so has passed. *See* E.D. Tenn. L.R. 7.1. Under Local Rule 7.2, the Court deems Plaintiff's failure to respond "a waiver of any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other part[ies] nor the public will suffer harm from entry of the order." *Id.* When evaluating a motion to extend a stay, courts "must weigh competing interests." *See Landis*, 299 U.S. at 254-55.

Here, a brief extension of the stay in this action until June 14, 2022 is warranted given the circumstances and Plaintiff's lack of opposition to the stay. The need to resolve the issues of defense and indemnification by U.S. Lumber, which has been delayed by the related coverage action, creates a pressing need to extend the stay for a limited time. However, an indefinite stay

until "the dispositive motions in the coverage action are resolved," as requested by Movants, would be inappropriate because it runs the risk of violating "Plaintiff's right to a determination . . . without undue delay." *Ohio Env't Couns.*, 565 F.2d at 396. This brief further stay will result in "economy of time and effort" for counsel, the Parties, and the Court. *Landis*, 299 U.S. at 254.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Movant's motion to extend the stay [Doc. 37]. For the reasons set forth above, this action is **STAYED** until June 14, 2022. Within fourteen (14) days of the expiration of the stay, the Parties are **ORDERED to file a joint status report** with the Court. This joint status report is critical to the Court's efficient and prompt disposition of this case and management of its docket.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3
Case 1:20-cv-00202-KAC-SKL   Document 38   Filed 03/15/22   Page 3 of 3   PageID #: 154